1    Amanda L. Groves (SBN: 187216)
     agroves@winston.com
2    WINSTON & STRAWN LLP
     101 California Street, 35th Floor
3    San Francisco, CA 94111-5802
     Telephone: (415) 591-1000
4    Facsimile: (415) 591-1400

5    Daniel D. Rubinstein (SBN: 178896)
     drubinstein@winston.com
6    WINSTON & STRAWN LLP
     35 W. Wacker Drive
7    Chicago, IL 60601-9703
     Telephone: (312) 558-5600
8    Facsimile: (312) 558-5700

9    Shawn R. Obi (SBN: 288088)
     sobi@winston.com
10   WINSTON & STRAWN LLP
     333 S. Grand Avenue
11   Los Angeles, CA 90071-1543
     Telephone: (213) 615-1700
12   Facsimile: (213) 615-1750

13   Attorneys for Defendant
     JIM BEAM BRANDS CO.

14

15               **UNITED STATES DISTRICT COURT**

16             **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17 SCOTT WELK, INDIVIDUALLY AND<br>ON BEHALF OF ALL OTHERS<br>18 SIMILARLY SITUATED, | **Case No. 3:15-cv-0328 LAB JMA**<br>Pleading Type: Class Action |
| 19           Plaintiffs, | **DEFENDANT JIM BEAM BRANDS<br>CO.'S MEMORANDUM OF POINTS<br>AND AUTHORITIES IN SUPPORT<br>OF ITS MOTION TO DISMISS<br>COMPLAINT** |
| 20         v. | |
| 21 BEAM SUNTORY IMPORT CO. and<br>JIM BEAM BRANDS CO., | |
| 22          Defendants. | Hearing Date: May 4, 2015<br>Time: 11:15 a.m.<br>Courtroom: Courtroom 14A<br>             (14th Floor - Annex)<br>Judge: Hon. Larry A. Burns |
| 23 | |
| 24 | |
| 25 | Complaint Filed: February 17, 2015 |
| 26 | |

27

28

_Winston & Strawn LLP_
_333 S. Grand Avenue_
_Los Angeles, CA 90071-1543_

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ....................................................................................1

II.   STATEMENT OF ALLEGED FACTS ................................................1

III.  STANDARD OF REVIEW....................................................................3

IV.   ARGUMENT..........................................................................................4

      A.    Plaintiff's Claims Fail Because the Challenged Label is
            Affirmatively Authorized Under State and Federal Law..........................4

      B.    Even if Plaintiff's Claims Were Not Barred by the Safe Harbor
            Doctrine, They Should be Dismissed................................................8

            1.    Plaintiff Has Not Plausibly Alleged a Likelihood of
                  Deception ....................................................................................8

            2.    Plaintiff Cannot State a Claim For Intentional
                  Misrepresentation.......................................................................14

            3.    The Economic Loss Doctrine Bars Plaintiff's Negligent
                  Misrepresentation Claims ...........................................................16

V.    CONCLUSION ....................................................................................17

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

DEFENDANT JIM BEAM BRANDS CO.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION
TO DISMISS COMPLAINT - CASE NO. 15-cv-0328 LAB JMA

# TABLE OF AUTHORITIES

**Page(s)**

C ASES

*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. 2011) ...................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................3

*Barnes v. Campbell Soup Co.*,
  2013 WL 5530017 (N.D. Cal. 2013) ........................................................7

*Bell Atl. v. Twombly*,
  550 U.S. 544 (2007)............................................................................3, 4

*Brod v. Sioux Honey Ass'n Coop.*,
  927 F. Supp. 2d 811 (N.D. Cal. 2013) .......................................................8

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
  475 F. App'x 113 (9th Cir. 2012) ...........................................................12

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ..................................................................4, 5, 6, 8

*Chem. Device Corp. v. Am. Cyanamid Co.*,
  Case No. C-89-1739 WHO, 1990 WL 56164 (N.D. Cal. Jan. 11, 1990)..........15

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
  173 F.3d 725 (9th Cir. 1999) .................................................................11

*Consumer Advocates v. Echostar Satellite Corp.*,
  113 Cal. App. 4th 1351 (2003) ................................................................8

*Daniels-Hack v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ..................................................................14

*Davis v. HSBC Bank Nev.*,
  691 F.3d 1152 (9th Cir. 2012) ..................................................................5

*DePriest v. AstraZeneca Pharms., L.P.*,
  351 S.W.3d 173-78 (Ark. 2009) ...............................................................7

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

ii

*Durning v. First Boston Corp.*,
    815 F.2d 1265 (9th Cir. 1987) ..................................................................... 3

*Ebner v. Fresh Inc.*,
    Case No. SACV 13-00477 JVS, 2013 WL 9760035 (C.D. Cal. Sept. 11,
    2013) ............................................................................................................. 5

*Freeman v. Time, Inc.*,
    68 F.3d 285 (9th Cir. 1995) ................................................................... 8, 11

*Hairston v. S. Beach Beverage Co. Inc.*,
    Case No. CV-1429-JFW DTBX, 2012 WL 1893818 (C.D. Cal. 2012) ........ 9, 11

*In re Celexa & Lexapro Mktg. & Sales Practices Litig.*,
    No. 13–11343–NMG, 2014 WL 866571 (D. Mass. Mar. 5, 2014) ..................... 6

*In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*,
    623 F.3d 1200 (8th Cir. 2010) ........................................................................ 8

*J'Aire Corp. v. Gregory*,
    24 Cal. 3d 799 (Cal. 1979) ........................................................................... 16

*Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*,
    315 F. App'x 603 (9th Cir. 2008) ................................................................. 16

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) .................................................................. 2, 14

*Koehler v. Litehouse, Inc.*,
    Case No. 12-cv-4055, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012) .............. 11

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014) ........................................................... 10

*Kuenzig v. Hormel Foods Corp.*,
    505 F. App'x 937 (11th Cir. 2013) ............................................................. 6, 7

*Ladore v. Sony Computer Entm't Am., LLC*,
    2014 WL 7187159 (N.D. Cal. Dec. 16, 2014) ................................................ 17

*Lam v. General Mills, Inc.*,
    859 F. Supp. 2d 1097 (N.D. Cal. 2012) ......................................................... 10

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

iii

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) ................................................................8, 9, 13

*Leadsinger, Inc. v. BMG Music Publ'g*,
  429 F. Supp. 2d 1190 (C.D. Cal. 2005) ............................................................4

*Manchouck v. Mondelez Int'l Inc.*,
  2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) ................................................14

*Manderville v. PCG & S Group, Inc.*,
  146 Cal. App. 4th 1486 (2007) ........................................................................15

*Meaunrit v. ConAgra Foods Inc.*,
  2010 WL 2867393 (N.D. Cal. 2010) ..................................................................7

*Miller v. Rykoff-Sexton, Inc.*,
  845 F.2d 209 (9th Cir. 1988) ..............................................................................4

*Minkler v. Apple, Inc.*,
  2014 WL 4100613 (N.D. Cal. Aug. 20, 2014) ................................................16

*Nowrouzi v. Maker's Mark Distillery Inc.*,
  No. 3:14-CV-02885-JAH-NLS (S.D. Cal.) ......................................................16

*Perez v. Nidek Co.*,
  711 F.3d 1109 (9th Cir. 2013) ............................................................................8

*Pom Wonderful LLC v. Coca Cola Co.*,
  Case No. CV 08-06237 SJO, 2013 WL 543361 (C.D. Cal. April 16, 2013) .......5

*Porras v. StubHub, Inc.*,
  Case No. C 12-1225 MMC, 2012 WL 3835073 (N.D. Cal. Sept. 4, 2012) .......14

*Prohias v. Pfizer, Inc.*,
  490 F. Supp. 2d 1228 (S.D. Fla. 2007) ..............................................................6

*Reigal v. Medtronic, Inc.*,
  552 U.S. 312 (2008).............................................................................................8

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................................................16

*Stearns v. Select Comfort Retail Corp.*,
  Case No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009)................13

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

iv

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir.1998) ...................................................................16

*Stuart v. Cadbury Adams USA, LLC*,
   458 F. App'x 689 (9th Cir. 2011) ........................................................12, 15

*Sumner Peck Ranch v. Bureau of Reclamation*,
   823 F.Supp. 715 (E.D. Cal. 1993) ..............................................................3

*Thomas v. Costco Wholesale Corp.*,
   Case No. 5:12-CV-02908 EJD, 2013 WL 1435292 (N.D. Cal. Apr. 9, 2013) ..14

*Trazo v. Nestle USA, Inc.*,
   2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ................................................7

*Vavak v. Abbott Labs., Inc.*,
   2011 WL 10550065 (C.D. Cal. June 17, 2011) ...........................................17

*Vitt v. Apple Computer, Inc.*,
   469 F. App'x 605 (9th Cir. 2012) ........................................................11, 12

*Werbel ex rel. v. Pepsico, Inc.*,
   Case No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) .........9

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ....................................................................10

*Williamson v. Apple, Inc.*,
   Case No. 5:11-cv-00377 EJD, 2012 WL 3835104 (N.D. Cal. Sept. 4, 2012) ...12

STATUTES

27 U.S.C. § 205 ..............................................................................................5, 6

OTHER AUTHORITIES

27 C.F.R. § 5.42(1) .............................................................................................5

27 C.F.R. § 5.65 ..............................................................................................7, 6

27 C.F.R. § 13.1 ..............................................................................................5, 7

27 C.F.R. § 13.21 ...............................................................................................5

Fed. R. Civ. P. 12(b)(6) ..............................................................................3, 4, 14

v

http://www.ttb.gov/ ..................................................................................................5

http://www.ttb.gov/consumer/labeling_ advertising.shtml ......................................6

http://www.ttb.gov/main_pages/memo-understanding.shtml ...................................5

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5802**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff presents a first-of-its-kind labeling claim: that a 1/16" high, 12-letter word ("handcrafted") on the **side** of a bourbon bottle—not even visible to consumers unless they pull the bottle off the shelf and turn it—fraudulently induced consumers to buy Jim Beam white label bourbon.  Plaintiff claims that because this word induced the "thousands, if not millions" of Class purchases: (1) all purchasers should get their money back; (2) Defendant should fund a corrective advertising campaign (with "written notice to the public"); and (3) Plaintiff's counsel should receive an award of "[r]easonable attorneys' fees."  Compl. ¶¶ 23, 64, Prayer for Relief.  As demonstrated below, Plaintiff's theory is factually and legally untenable.

Plaintiff's unprecedented allegations, founded solely on small print on a side label, defy common sense and stretch the bounds of California's "reasonable consumer" test beyond recognition.  Plaintiff also ignores that as an alcoholic beverage, the Jim Beam label is pre-approved by a federal agency, resulting in a "safe harbor" from consumer fraud claims under California state law.  Thus, even if Plaintiff could plausibly allege deception of "reasonable consumers," which plainly he cannot, his claims would be barred.

Respectfully, all of Plaintiff's claims should be dismissed, and without leave to amend.

## II.   STATEMENT OF ALLEGED FACTS

Jim Beam Brands Co. ("Jim Beam") manufactures, markets and sells bourbon whisky products.  *See* Compl. ¶¶ 2, 11, 12.  On February 17, 2015, Plaintiff Scott Welk filed his Complaint, purportedly on behalf of all California consumers who purchased Jim Beam white label bourbon ("Jim Beam bourbon") from February 18, 2011, through February 17, 2015.  *Id.* ¶¶ 126-27.  The Complaint purports to state claims under California state law: violations of the Unfair Competition Law ("UCL") and the False Advertising Law ("FAL"), as well as claims for intentional

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

misrepresentation and negligent misrepresentation.  Although Plaintiff named both Jim Beam Brands Co. and "Beam Suntory Import Co." as Defendants, the entity "Beam Suntory Import Company" does not exist and is therefore not a proper defendant in this matter.

Plaintiff alleges that he purchased a 1.75 liter bottle of Jim Beam bourbon on December 12, 2013, at an unidentified "local liquor store" in San Diego.  *Id.* ¶¶ 30, 34.  According to his Complaint, he purchased the bourbon because it bore the statement "handcrafted" on its label, and this allegedly led him to believe the bourbon "was of superior quality" for which he was willing to spend comparatively more than he would for a lesser quality comparative product.  *Id.* ¶¶ 35, 64.

Plaintiff repeatedly alleges the "handcrafted" statement appears "prominently" and in "large font" on the label.  *Id*. ¶¶ 18, 21, 33.  This is so patently untrue that the Complaint resorts to enlarging and distorting the appearance of the "handcrafted" statement on the label.  As compared to the actual label (*see* Exhibit A to Request for Judicial Notice[1]), Plaintiff apparently created a blown-up version (¶ 33) by first photographing the label (it is slanted and has a glare), then – based on the fuzzy appearance – must have zoomed in on the image and stretched it horizontally to amplify its appearance.  The photo of the actual label (¶ 32 as to the front and right side panels, and in full in Exhibit A to Request for Judicial Notice) demonstrates that the word appears once, in small print (only 1/16" high on the 1.75 liter bottle and only 1 millimeter high on the 750 milliliter bottle), and only on one of the ***sides*** of the label.  Indeed, the "handcrafted" statement appears only as part of an artistic graphic

[1] The label from the Jim Beam bourbon is attached as Exhibit A to Jim Beam's Request for Judicial Notice, filed contemporaneously with this motion.  Courts may consider additional documents where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

design above (and in the same font as) the words "family recipe" and "since 1795," with a whisky barrel appearing in between the words.  *Id*.  The label itself shows that the challenged "handcrafted" statement is not – under any definition of the word – "prominent" on the Jim Beam bourbon label.[2]  Plaintiff does not allege, nor can he, that the challenged statement appears anywhere on the front of the label, or even on the second side label, for that matter.  (*See* Exhibit A to Request for Judicial Notice.)

Plaintiff alleges he was misled because Jim Beam's production process involves "little to no human supervision, assistance or involvement."  *Id.* ¶ 36.  He further alleges that photos, diagrams and video footage "taken directly from [Jim Beam's] website" demonstrate in detail the "mechanized and/or automated" process used to produce the bourbon.  *See, e.g., id.* ¶¶ 15, 16, 38-63.  Plaintiff argues it was false or misleading for Jim Beam to describe its bourbon made by this process as "handcrafted," relying on the definition provided in the Merriam-Webster dictionary (i.e., "created by a hand process rather than by a machine").  *Id.* ¶ 70.  Plaintiff does not allege that he suffered any personal injury or property damage as a result of his purchase of the Jim Beam bourbon, only that he either would not have purchased the bourbon—or would have paid less for it—had he known that it "was not 'Handcrafted.'"  *Id.* ¶ 22.

## III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint fails to state a claim under Rule 12(b)(6) unless it contains "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. v.*

---

[2] The Court should ignore Plaintiff's allegations that the challenged statement is "prominent" or written in "large font." *See Sumner Peck Ranch v. Bureau of Reclamation,* 823 F. Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987)) ("the court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint").

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1    *Twombly*, 550 U.S. 544, 547 (2007).  The court should not accept unreasonable

2    inferences or unwarranted deductions of fact.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3    (2009) (noting that "[t]hreadbare recitals of the elements of a cause of action,

4    supported by mere conclusory statements, do not suffice").  In other words, a

5    complaint must allege "more than labels and conclusions" or a "formulaic recitation of

6    the elements of a cause of action." *Twombly,* 550 U.S. at 555.  Rather, the factual

7    allegations "must be enough to raise a right to relief above the speculative level." *Id.*

8    Where, as here, the complaint contains unsupported factual allegations and

9    implausible theories of relief, Rule 12(b)(6) requires that the complaint be dismissed.

10   *Id.* at 547.

11       Although a motion to dismiss may be granted with leave to amend, leave to

12   amend is not required where "any amendment would be futile."  *See Leadsinger, Inc.*

13   *v. BMG Music Publ'g*, 429 F. Supp. 2d 1190, 1197 (C.D. Cal. 2005); *Miller v. Rykoff-*

14   *Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted) (futility means that

15   "no set of facts can be proved under the amendment to the pleadings that would

16   constitute a valid and sufficient claim or defense").

17   **IV.    ARGUMENT**

18       **A.    Plaintiff's Claims Fail Because the Challenged Label is Affirmatively**
            **Authorized Under State and Federal Law**
19

20       Plaintiff claims that Jim Beam's use of the statement "handcrafted" on its

21   bourbon label violates California state law.  But it is well established that Jim Beam's

22   compliance with federal law and regulations insulates it from Plaintiff's claims.  *Cel-*

23   *Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999);

24   *see also Alvarez v. Chevron Corp.*, 656 F.3d 925, 934 (9th Cir. 2011) (applying the

25   *Cel-Tech* safe harbor to a UCL claim and applying a similar safe harbor to the

26   Consumers Legal Remedies Act ("CLRA") claims).  As the California Supreme Court

27   has held, California's safe harbor doctrine applies with extra force in the context of

28   consumer protection laws:

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

4

> "Although the unfair competition law's scope is sweeping, it is not unlimited. … If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination. When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor."

*Cel-Tech*, 20 Cal. 4th at 182. Thus, where a defendant "complie[s] with the relevant [federal] regulations," its conduct is not subject to UCL or FAL claims. *Pom Wonderful LLC v. Coca Cola Co.*, Case No. CV 08-06237 SJO (FMOx), 2013 WL 543361, at *5 (C.D. Cal. April 16, 2013) (finding that the safe harbor doctrine provided a separate and independent basis for dismissing UCL and FAL claims); *see also Ebner v. Fresh Inc.*, Case No. SACV 13-00477 JVS, 2013 WL 9760035, at *6 (C.D. Cal. Sept. 11, 2013) (finding that compliance with FDA labeling regulations insulated cosmetic manufacturer from UCL and FAL liability under California safe harbor doctrine); *Davis v. HSBC Bank Nev.*, 691 F.3d 1152, 1165–66 (9th Cir. 2012) (affirming dismissal of UCL claim based on safe harbor provided by federal regulations).

Plaintiff nevertheless seeks to hold Jim Beam liable under state law for doing precisely what the federal government has permitted. But because Plaintiff cannot "assault th[e] harbor" of federal regulations through the guise of California consumer protection claims, all of his claims must fail. *Cel-Tech*, 20 Cal. 4th at 182. In particular, the TTB is the federal agency charged with promulgating regulations regarding the labeling of distilled spirits, wines, and malt beverages pursuant to the FAAA. The TTB also enforces FAAA regulations regarding the labeling of distilled spirits, including 27 U.S.C. § 205(e)'s prohibition of false and misleading statements. *See* http://www.ttb.gov/main_pages/memo-understanding.shtml; http://www.ttb.gov/about/stat_auth.shtml; 27 U.S.C. § 205(e); 27 C.F.R. § 5.42(1). To ensure a distilled

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1    spirit label "complies with applicable laws and regulations," the TTB reviews and

2    approves distilled spirit labels prior to the products' distribution or sale.  *See* 27

3    C.F.R. § 13.1, 13.21.  This review includes the mandate in Section 27 U.S.C. § 205(e)

4    that the label not be false or misleading:  "[e]xamples of advertising areas that TTB

5    will review include … [s]tatements that are false, misleading, or deceptive…."  *See*

6    http://www.ttb.gov/consumer/labeling_ advertising.shtml); *see also* 27 U.S.C. § 205;

7    27 C.F.R. § 5.65(a).

8         When a federal agency reviews and pre-approves labels for regulatory

9    compliance, courts across the country have consistently applied state law safe harbor

10   provisions.  While the California Supreme Court has expressly recognized such a safe

11   harbor for California, the California courts have not yet had occasion to apply it in this

12   scenario.  *Cel-Tech*, 20 Cal. 4th at 182-185.  The repeated application in other

13   jurisdictions, including one applying California law, however, demonstrates that

14   application here fits squarely within the *Cel-Tech* rationale.  *See In re Celexa &*

15   *Lexapro Mktg. & Sales Practices Litig.*, No. 13–11343–NMG, 2014 WL 866571, at

16   *3 (D. Mass. Mar. 5, 2014) (applying California law) (UCL and FAL claims based on

17   allegations that prescription drug label was "misleading and inadequate" barred as a

18   matter of law by the California safe harbor provision where drug labels are subject to

19   FDA's preapproval process).  For instance, in *Kuenzig v. Hormel Foods Corp.,* 505 F.

20   App'x 937 (11th Cir. 2013) (*per curiam*), the Eleventh Circuit affirmed the district

21   court's dismissal of the plaintiff's "putative class-action complaint alleging that [the

22   defendant] misled consumers into believing its lunch meat products contained fewer

23   fat-calories than they actually did."  *Id.* at 938-39.  In affirming, the court reasoned

24   that the "[t]he labels complied with federal regulations regarding the use of percentage

25   fat-free claims and ***were approved by [the appropriate federal agency] prior to their***

26   ***commercial use***."  *Id*. (emphasis added).  For these reasons, the court held that the

27   defendants "could not be liable pursuant to [Florida]'s safe harbor provision."

28   *Id.*  Other courts have done the same.  *See Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

6

1228, 1234 (S.D. Fla. 2007) (applying safe harbor where "the FDA approved the prescription drug … to reduce the risk of heart attacks …," the drug's "FDA approved label specifically include[d] this indication," and "[a]ccordingly, any advertisements that stated or implied that [the drug] reduced the risk of heart disease or heart attacks simply marketed an approved use of the drug"); *DePriest v. AstraZeneca Pharms., L.P.*, 351 S.W.3d 173-78 (Ark. 2009) (applying safe harbor where the "FDA is vested with the authority to approve labeling for any new drug," "the FDA regulates prescription drug advertising," the FDA specifically approved the labeling for the prescription drug at issue, thus determining "that the information is not false or misleading," and the defendant's "advertising for [the drug] is supported by FDA-approved labeling").

As described above, the TTB's process here includes a review to ensure labels do not contain "[a]ny statement that is false or untrue in any material particular, or that, irrespective of falsity, directly, or by ambiguity, omission, or inference, or by the addition of irrelevant, scientific or technical matter tends to create a misleading impression."  27 C.F.R. § 5.65; 27 C.F.R. § 13.1, *et seq.*  It is thus nearly identical to the pre-approval processes in *Kuenzig* (where the USDA reviewed meat and poultry products for compliance with the Federal Meat Inspection Act's similar regulations) and in cases where prescription drug labels and medical devices are also expressly pre-approved.  *See, e.g.*, *Barnes v. Campbell Soup Co.*, 2013 WL 5530017, at *5 (N.D. Cal. 2013) (precluding state law claims where the USDA and Food Safety and Inspection Service "previously approved of Defendant's … [label], [the label] cannot be construed, as a matter of law, as false or misleading"); *Meaunrit v. ConAgra Foods Inc.,* 2010 WL 2867393, at *7 (N.D. Cal. 2010) (dismissing state causes of action "[b]ecause the pre-approval process [under the FMIA] includes a determination of whether the labeling is false and misleading, and the gravamen of plaintiff's attack on the label concerns whether those instructions are accurate"); *Trazo v. Nestle USA, Inc.*, 2013 WL 4083218, at *7 (N.D. Cal. Aug. 9, 2013) (claims against Nestle's Lean

7

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Pockets and Hot Pockets dismissed because "meat products are pre-approved by the USDA, which first reviews the labels, considers whether they are false or misleading, and approves them. The Hot Pockets and Lean Pockets in question have the USDA-approved sticker on the label, indicating that they have gone through the process"); *Reigal v. Medtronic, Inc.,* 552 U.S. 312, 321 (2008) (plaintiff's state law claims barred because the FDA provided pre-approval of the pharmaceutical label in dispute)*; In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig*., 623 F.3d 1200, 1203 (8th Cir. 2010) (same); *Perez v. Nidek Co.,* 711 F.3d 1109, 1118 (9th Cir. 2013) (affirming dismissal of common-law claims challenging the safety and effectiveness of a medical device that had received premarket approval from the FDA). The same result is appropriate here, and all of Plaintiff's claims, as they arise under state law, should therefore be dismissed under California's safe harbor doctrine. *Cel-Tech*, 20 Cal. 4th at 182.

**B.     Even if Plaintiff's Claims Were Not Barred by the Safe Harbor Doctrine, They Should be Dismissed**

**1.     Plaintiff Has Not Plausibly Alleged a Likelihood of Deception**

Plaintiff's claims for false advertising under the FAL and UCL must be dismissed because he has not and cannot plead that the challenged label is likely to mislead a reasonable consumer. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506-07 (2003) (reasonable consumer standard applies to UCL false advertising claims); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003) (same with respect to FAL advertising claims). To state a claim under the FAL and UCL, a plaintiff must plausibly plead that "members of the public are likely to be deceived" by the alleged false advertising statement. *Brod v. Sioux Honey Ass'n Coop.*, 927 F. Supp. 2d 811, 828 (N.D. Cal. 2013) (citing *Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th Cir. 1995)). Notably, "'likely to deceive' implies more than a mere possibility

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

8

that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie*, 105 Cal. App. 4th at 508. Instead, "likely to deceive" indicates that "it is probable that *a significant portion* of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (emphasis added).

The Court need look no further than the label at issue to determine, as a matter of law, that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances" would not be misled by the "handcrafted" statement on Jim Beam's bourbon label. *Id.*; *see Hairston v. S. Beach Beverage Co. Inc.*, Case No. CV-1429-JFW DTBX, 2012 WL 1893818, at *4 (C.D. Cal. 2012) (dismissing UCL and FAL claims after concluding as a matter of law that members of the public were not likely to be deceived by the product packaging); *Werbel ex rel. v. Pepsico, Inc.*, Case No. C 09-04456 SBA, 2010 WL 2673860, at *4 (N.D. Cal. July 2, 2010) (dismissing UCL and FAL claims with prejudice where no reasonable consumer would likely be deceived by statement on product packaging). A review of the label itself demonstrates that Plaintiff's claim fails for at least five distinct reasons: (1) the statement at issue appears only once, in small font on the side label of the product; (2) Plaintiff's allegations demonstrate that he read the word "handcrafted" out of context; (3) the "handcrafted" statement is not a specific and measurable claim; (4) common sense defies Plaintiff's proffered interpretation of the statement; and (5) the "handcrafted" statement could not have misled Plaintiff in light of his own allegations that videos and photographs admittedly available on Jim Beam's own public website demonstrate the actual production process for Jim Beam's white label bourbon.

First, the inconspicuous location and relative miniscule size of the "handcrafted" statement on the challenged label renders implausible Plaintiff's claim that he was misled by that statement—let alone his allegations that an entire class of purported California consumers were misled by such statement. Despite Plaintiff's

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

9

desperate attempts to enlarge and distort the size of the label's "handcrafted"

statement in his Complaint (*see* ¶ 33), the truth—apparent from even a cursory review

of the label in its correct proportions—is that the statement appears only once, in

small font, on the side of the label, and in the context of a graphic depiction relating to

the recipe.  This appears to be the first case where a plaintiff has based a labeling

claim on a side label, a claim that cannot be reconciled with repeated court holdings

that "a reasonable consumer" cannot be expected to read small print or a side label on

a product.  *See Lam v. General Mills, Inc.*, 859 F. Supp. 2d 1097, 1104 (N.D. Cal.

2012) ("[A]t the pleading stage, the Court cannot conclude that a reasonable consumer

should be expected to … discover the truth in the small print"); *Williams v. Gerber

Prods. Co.,* 552 F.3d 934, 939 (9th Cir. 2008) ("disagree[ing] with the district court

that reasonable consumers should be expected to look beyond misleading

representations on the front of the box to discover the truth from the ingredient list in

small print on the side of the box"); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d

274, 288 (S.D.N.Y. 2014) ("[A] reasonable consumer might … overlook the smaller

text that discloses the fat content").  With courts having held that a reasonable

consumer cannot be expected to look to the small text or side label to understand

ingredients, Plaintiff here cannot plausibly contend that a reasonable consumer would

be deceived by, and base his or her purchasing decision on, one word on the side of

the Jim Beam bourbon bottle.  Moreover, unlike food or non-alcoholic beverage

manufacturers, Jim Beam is not required to list the ingredients on its label.  That fact

underscores further that it is unlikely a reasonable consumer would look to the side

label of bourbon in deciding whether to purchase it.

     Second, not only does the physical location and size of the "handcrafted"

statement on the label render it unlikely to mislead a reasonable consumer, the

juxtaposition of the sole "handcrafted" statement with other words on the label further

indicates that it is not likely to mislead a reasonable consumer.  The "handcrafted"

statement does not appear in a vacuum on Jim Beam's bourbon label; instead, it

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

appears only as part of an artistic design above the words "family recipe."  Indeed, both "handcrafted" and "family recipe" are printed in the same font and are part of a unified design, with a whisky barrel appearing in between the words.  Plaintiff's Complaint completely ignores the location of the "handcrafted" statement next to the words "family recipe" and the well-established law in California that challenged claims must be considered in context.  *See, e.g., Hairston*, 2012 WL 1893818, at *4; *Koehler v. Litehouse, Inc.,* Case No. 12-cv-4055, 2012 WL 6217635, at *3 (N.D. Cal. Dec. 13, 2012) ("To determine whether a reasonable consumer is likely to be deceived, the statement must be read in context of the entire advertisement.") (citing *Freeman v. Time, Inc*., 68 F.3d 285, 289 (9th Cir. 1995)).  In *Hairston*, a plaintiff challenged the "all natural" statement on a beverage label, but because the "claim [was] based on a single out-of-context phrase found in one component" of the label, the court concluded that "Plaintiff's selective interpretation of individual words or phrases from a product's labeling [could not] support a CLRA, FAL, or UCL claim" and granted the motion to dismiss.  The court further stated that the company did not use the challenged "language in a vacuum" and one statement could not suffice to support the plaintiff's claim.  *Id*.  Likewise, Plaintiff's theory ignores all of the other statements on the challenged label and instead presumes that reasonable consumers would latch onto the single word "handcrafted" and interpret it to refer to the bourbon itself, rather than the "family recipe" over which it directly appears.  Plaintiff's theory is implausible and should be rejected.

Third, even if it is plausible that a significant portion of the consuming public would see and rely on the sole "handcrafted" word on the side of Jim Beam's label and interpret it to refer to the bourbon rather than the recipe, Plaintiff has not and cannot allege that the statement is likely to deceive reasonable consumers because the term "handcrafted," as used on Jim Beam's label, is not a "specific and measurable claim."  It therefore cannot mislead a reasonable consumer as a matter of law.  *See Vitt v. Apple Computer, Inc*., 469 F. App'x 605, 607 (9th Cir. 2012) (explaining that an

11

actionable false advertisement requires "a 'specific and measurable claim' capable of being proved false or of being reasonably interpreted as a statement of objective fact") (quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999)).  Far from being a "[a] factual representation[] that a given standard has been met" (*id.* at 607), "handcrafted," particularly in the context of distilled spirits, is a general, subjective term that is not subject to measurement.  Plaintiff all but concedes that there is no established standard for the use of the term "handcrafted" in connection with the production of distilled spirits, as evidenced by his reliance on the dictionary's definition of "handcrafted": "created by a hand process rather than a machine" (*see* Compl. ¶ 70).  But even that definition lacks the required quantifiable specificity.  For example, it fails to specify what a "hand process" is, and whether such a process may include mechanized components that are directed by hand.  Not only is the term "handcrafted" generalized and vague, but the Jim Beam label does not include numerical or other quantifiers (such as "100%" or "all"), that could arguably make the representation more objective.  Because the term "handcrafted" on the Jim Beam label is not a "specific and measurable claim," it cannot reasonably be interpreted in the manner Plaintiff alleges.  *See Vitt*, 469 F. App'x at 607.

Fourth, even if the "handcrafted" statement is specific and measurable, Plaintiff's theory that he (and an entire purported class of California consumers) would understand from the word "handcrafted" on Jim Beam's label that the bourbon was made entirely by hand defies the common sense standard applied by the Ninth Circuit.  Specifically, the Ninth Circuit has affirmed dismissal of UCL claims at the pleading stage where the plaintiff's theory "def[ied] common sense" and "strained credulity."  *See Stuart v. Cadbury Adams USA, LLC*, 458 F. App'x 689, 690 (9th Cir. 2011) (affirming dismissal of plaintiff's claim that Trident White gum "removes stains" was misleading); *Carrea v. Dreyer's Grand Ice Cream, Inc.,* 475 F. App'x 113, 115 (9th Cir. 2012) (affirming dismissal of UCL claim because "it strains credulity" to argue that a reasonable consumer would be misled to think that ice cream

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

with "chocolate coating topped with nuts" is healthier than competing brands); *see also Williamson v. Apple, Inc.*, Case No. 5:11-cv-00377 EJD, 2012 WL 3835104, at *1, 6 (N.D. Cal. Sept. 4, 2012) (dismissing UCL claim of plaintiff with a shattered iPhone who challenged Apple's statement that the glass it uses for the phones is "comparable in strength to sapphire crystal" because "it is a well-known fact of life that glass can break under impact" and it would require "a suspension of logic" to think otherwise); *Stearns v. Select Comfort Retail Corp.*, Case No. 08-2746 JF, 2009 WL 1635931, at *11 (N.D. Cal. June 5, 2009) (intentional misrepresentation claim dismissed based on statement that beds would be "maintenance free" and that a purchaser would receive "constant and wear free support night after night" because "no product is ever maintenance-free" and "no consumer reasonably could have that expectation.").

A common-sense, reasonable interpretation of the word "handcrafted" cannot be that Jim Beam employees break up the grain with their hands, stir the mixture by hand, distill and ferment the alcohol without the use of any machinery, make the glass bottles by hand, fill each bottle by hand, and handwrite each label on each bottle. The word "handcrafted" cannot reasonably be interpreted to mean, as Plaintiff would have this Court believe, that every step of the Jim Beam bourbon production process must be accomplished solely by hand. Instead, as Plaintiff points out in his Complaint, Jim Beam's bourbon is a distilled spirit (a *consumable* good) sold throughout the United States. Of course, Jim Beam bourbon must be prepared in compliance with health and safety regulations and in a clean and sanitary manner. Not even the least sophisticated consumer of bourbon—and certainly not a reasonable consumer—would understand that this consumed drink, made from combining various ingredients together in different ways, would be literally and entirely made with human hands. *See Lavie*, 105 Cal. App. 4th at 510 (the "likely to deceive" standard is an objective one based on the reasonable consumer, not an "exceptionally acute" consumer, nor the "least sophisticated consumer"). Accordingly, because a reasonable consumer could not be

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

13

misled, the Court should dismiss Plaintiff's claims.

Finally, the "handcrafted" representation could not have misled Plaintiff because, as Plaintiff highlights in his Complaint, videos and photographs admittedly available on Jim Beam's own public website demonstrate the actual production process for Jim Beam's bourbon. *See* Compl. ¶¶ 15-16, 19, 38-39. [3]  A statement cannot be misleading where the advertiser expressly discloses to the buying public the objective facts underlying that statement. *See, e.g., Porras v. StubHub, Inc.*, Case No. C 12-1225 MMC, 2012 WL 3835073, at *6 (N.D. Cal. Sept. 4, 2012); *Manchouck v. Mondelez Int'l Inc.,* 2013 WL 5400285, at *3 (N.D. Cal. Sept. 26, 2013) (dismissal of claim premised on statement that cookies were "made with real fruit" where "the list of ingredients on the packaging serves notice to consumers that the products contain 'Raspberry Purée' and 'Strawberry Purée' respectively"); *Thomas v. Costco Wholesale Corp.*, Case No. 5:12-CV-02908 EJD, 2013 WL 1435292, at *5 (N.D. Cal. Apr. 9, 2013) ("no trans fat" claim on label was non-actionable where it was "clearly stated on the labeling of the product [plaintiff] purchased").  Plaintiff cannot plausibly contend Jim Beam misleads anyone about the nature of the process for producing its bourbon when Plaintiff also alleges that Jim Beam's own public materials contain the various videos and photos showing the "true" process for making the bourbon. Accordingly, Plaintiff fails to state a claim and his Complaint must be dismissed.

### 2.  Plaintiff Cannot State a Claim For Intentional Misrepresentation

To state a claim for intentional misrepresentation under California law, a

---

[3] This Court may consider Jim Beam's website in ruling on a Rule 12(b)(6) motion to dismiss, given Plaintiff's extensive reliance on the website in their Complaint.  *See Daniels-Hack v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (explaining that courts may consider documents incorporated into a complaint by reference on a Rule 12(b)(6) motion to dismiss); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (courts have the authority to consider a document in ruling on a Rule 12(b)(6) motion to dismiss even if the plaintiff does not physically attach the document if the plaintiff's complaint necessarily relies upon it and no party disputes its authenticity). Plaintiff does not dispute the website's authenticity, and indeed he relies on the website extensively throughout his Complaint.  (*See* Compl. ¶¶ 15-16, 19, 37-63.)

14

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

plaintiff must plead seven elements with particularity: (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for the truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the representation was a substantial factor in causing that harm to the plaintiff. *Manderville v. PCG & S Group, Inc.,* 146 Cal. App. 4th 1486, 1498 (2007). Here, Plaintiff's intentional misrepresentation claim fails for two reasons. First, as set forth above, Plaintiff has not and cannot plead that the challenged statement would mislead a reasonable consumer such that the consumer could have reasonably relied on it. Thus, that statement cannot form the basis of an intentional misrepresentation (i.e., fraud) claim. *See Stuart*, 458 F. App'x at 691-92 (fraud claim dismissed because challenged statement could not, as a matter of law, have misled a reasonable person).

Second, Plaintiff has not—and cannot—allege that Jim Beam acted with the requisite fraudulent intent to deceive in light of Plaintiff's own allegations concerning Jim Beam's production process, which it fully disclosed on its own website. In other words, Plaintiff alleges that Jim Beam itself publicly disclosed the "truth" about its distilling and bottling process on its website—which is completely inconsistent with the conclusory allegations that Jim Beam intended to defraud. *Compare, e.g.,* Compl. ¶¶ 15-16, 19 (allegations describing Jim Beam's website, photos, and video footage) with Compl. ¶ 120 (alleging Jim Beam "knew that their bourbon was not 'handcrafted,' but nevertheless made representations that it was, with the intention that consumer rely on their representations"). If Jim Beam intended to defraud consumers by use of the "handcrafted" statement on its white label bourbon bottle, it certainly would not publicly post what Plaintiff describes as accurate depictions of the Jim Beam production process. Jim Beam's public disclosure of its production process

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

is entirely inconsistent with any fraudulent intent, and Plaintiff's specific allegations on that score trump his conclusory allegations of intent. *See Chem. Device Corp. v. Am. Cyanamid Co.*, Case No. C-89-1739 WHO, 1990 WL 56164, at *3 (N.D. Cal. Jan. 11, 1990) ("the court is not bound to accept conclusory legal allegations in the complaint when more specific allegations in the pleadings are at variance with those conclusions") (citation omitted); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) (affirming dismissal of the plaintiff's claim, explaining that a plaintiff can plead himself out of a claim by including in his complaint and exhibits thereto detail contrary to his claims); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."). Plaintiff's intentional misrepresentation claim should be dismissed accordingly.

### 3.   The Economic Loss Doctrine Bars Plaintiff's Negligent Misrepresentation Claims

As Plaintiff's counsel recently conceded in a false advertising case their clients brought against another bourbon producer in this District,[4] negligent misrepresentation claims based solely on economic injury – like that asserted here – fail under California's well-established economic loss doctrine. Under California law, "[i]n the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed." *Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008) (quoting *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 804 (Cal. 1979). Plaintiff does not allege personal injury or property damage, only that he would not have purchased the product or would have paid less for the product absent the "handcrafted" statement. Compl. ¶ 112. Courts

---

[4] *See Nowrouzi v. Maker's Mark Distillery Inc.*, No. 3:14-CV-02885-JAH-NLS (S.D. Cal.), Dkt. 10, Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss at 18.

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5802*

1  have routinely held that the economic loss doctrine bars negligent misrepresentation

2  claims based on economic injury in consumer class actions.  *See, e.g., Minkler v.*

3  *Apple, Inc*., No. 5:13-CV-05332-EJD, 2014 WL 4100613, at *6 (N.D. Cal. Aug. 20,

4  2014) (negligent misrepresentation claim dismissed pursuant to the "economic loss"

5  rule, where plaintiff alleged she would not have purchased the iPhone 5 had she

6  known of an alleged Apple Maps defect); *Ladore v. Sony Computer Entm't Am*., *LLC*,

7  No. C-14-3530 EMC,  2014 WL 7187159, at *8-9 (N.D. Cal. Dec. 16, 2014)

8  (negligent misrepresentation claim dismissed pursuant to the "economic loss" rule

9  where plaintiff alleged only economic damages as a result of his purchase of allegedly

10  defective Sony product); *Vavak v. Abbott Labs., Inc*., No. SACV 10-1995 JVS,

11  2011 WL 10550065, at *4-6 (C.D. Cal. June 17, 2011) (negligent misrepresentation

12  claims based solely on money damages incurred from the purchase price barred by the

13  "economic loss" rule where purchaser alleged that she would not have paid for

14  allegedly defective baby formula).  As Plaintiff has not and cannot establish the

15  required injury to avoid the economic loss doctrine, his negligent misrepresentation

16  claim should be dismissed as a matter of law.

## V.     CONCLUSION

18        For the foregoing reasons, Jim Beam respectfully requests that the Court

19  dismiss Plaintiff's Complaint with prejudice as set forth herein.

20  Dated:  March 18, 2015              WINSTON & STRAWN LLP

22                                      By:*/s/ Amanda L. Groves*
23                                          Amanda L. Groves
                                            Daniel D. Rubinstein
24                                          Attorneys for Defendant
                                            JIM BEAM BRANDS CO.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802