# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT WELK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br>vs.<br>BEAM SUNTORY IMPORT CO. AND JIM BEAM BRANDS CO.,<br><br>Defendants. | CASE NO. 15cv328-LAB (JMA)<br><br>**ORDER OF DISMISSAL** |

This putative class action against Beam Suntory Import and Jim Beam Brands (collectively, "Jim Beam") centers on the use of the word "handcrafted" on Jim Beam Bourbon bottle labels. Scott Welk's complaint alleges the labels are misleading because the bourbon isn't handcrafted. He asserts causes of action for violation of California's false advertising law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"), violation of California's unfair competition law, *id.* at § 17200 *et seq.* ("UCL"), intentional misrepresentation, and negligent misrepresentation. Jim Beam has filed a motion to dismiss, arguing (1) under California's safe harbor doctrine, its compliance with federal labeling law insulates it from Welk's claims, (2) Welk fails to state a plausible claim because he hasn't alleged facts to show that the label would mislead a reasonable consumer, and (3) the economic loss doctrine bars Welk's negligent misrepresentation claim. (Docket no. 5.)

## I. Background

### A. Jim Beam Bourbon Label

Welk includes a copy of the Jim Beam Bourbon label in his complaint. (Docket no. 1 at ¶¶ 32, 33.) The label covers the front and two sides of the bottle. (*Id.* at ¶ 32.) One of the side labels includes a depiction of a sketched barrel, with the word "HANDCRAFTED" above the barrel, the phrase "SINCE 1795" next to the barrel, and the phrase "FAMILY RECIPE" below the barrel. (*Id.*)

### B. Alleged Misrepresentation

Welk alleges that, based on the label, he believed "Jim Beam Bourbon was of superior quality by virtue of it being crafted by hand, rather than by a machine, and relied on said misrepresentation in purchasing the product." (*Id.* at ¶ 35.) Relying on a definition from Merriam-Webster's online thesaurus, Welk contends that "handcrafted" means "created by a hand process rather than by a machine." (*Id.* at ¶ 70.) Thus, according to Welk, "the reasonable consumer" would believe that "Jim Beam Bourbon was crafted by hand." (*Id.*) He explains, "'[h]andcrafted' and 'handmade' are terms that consumers have long associated with higher quality manufacturing and high-end products. This association and public perception is evident in the marketplace where manufacturers charge a premium for 'handcrafted' or 'handmade' goods." (*Id.* at ¶ 17.) But, he alleges, "Jim Beam Bourbon is actually manufactured using a mechanized and/or automated process, resembling a modern day assembly line and requiring little to no human supervision, assistance or involvement . . . ." (*Id.* at ¶ 36.)

## II. Judicial Notice of Label and Certificates of Label Approval

Jim Beam seeks judicial notice of its label and certificates of label approval issued by the Alcohol and Tobacco Tax and Trade Bureau ("TTB"). (Docket no. 5-2.) "Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted). Rule 201(b) permits judicial notice of a fact when it's "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The records and reports of administrative bodies are proper subjects of judicial notice, as long as their authenticity or accuracy is not disputed. *See Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

The Court will consider the label in ruling on Jim Beam's motion to dismiss because the complaint refers to it, it's central to Welk's claim, and Welk doesn't question its authenticity. *Daniels-Hall*, 629 F.3d at 998. The TTB certificates are public records and, while Welk opposes judicial notice of the TTB certificates, he doesn't question their authenticity. Thus, they're appropriate for judicial notice. *See, e.g., Hofmann v. Fifth Generation, Inc.*, No. 14-cv-2569, Docket no. 15 (S.D. Cal. Mar. 18, 2015) (taking judicial notice of TTB certificates of label approval as "records and reports of administrative bodies").

**III.   Discussion**

**A.   Legal Standard**

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations as true and construe them in the light most favorable to Welk. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat Jim Beam's motion to dismiss, Welk's factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/ / /

/ / /

**B.     Analysis**

    **1.     California's Safe Harbor Doctrine**

The California Supreme Court has explained:

> Although the unfair competition law's scope is sweeping, it is not unlimited . . . . Specific legislation may limit the judiciary's power to declare conduct unfair. If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination. When specific legislation provides a "safe harbor," plaintiffs may not use the general unfair competition law to assault that harbor.

*Cel-Tech Comms. Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 182 (1999). Under the safe harbor doctrine, "[t]o forestall an action under the unfair competition law, another provision must actually 'bar' the action or clearly permit the conduct." *Id.* at 183. Jim Beam argues that California's safe harbor doctrine bars Welk's suit because the TTB reviewed and pre-approved its labels to ensure they comply with applicable laws and regulations, including determining whether the label is false and misleading. (Docket no. 5 at 4–8.) But, the TTB certificates don't reveal whether the TTB specifically investigated and approved the veracity of Jim Beam's use of the term "handcrafted." *See Nowrouzi v. Maker's Mark Distillery, Inc.*, 2015 WL 4523551, at *4–5 (S.D. Cal. July 27, 2015); *Hofmann*, No. 14-cv-2569, Docket no. 15. Thus, the scope of the TTB's review isn't properly before the Court at this stage of the case. Jim Beam's motion to dismiss under the safe harbor doctrine is **DENIED**.

    **2.     UCL and FAL Claims**

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.* at § 17500. UCL and FAL claims are governed by the "reasonable consumer" test. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under that standard, Welk must "show that members of the public are likely to be deceived." *Id.* (internal quotation marks omitted). "A 'reasonable consumer' is the ordinary consumer acting reasonably under the circumstances, and is not versed in the art of inspecting and judging a product, in the process of its preparation or

manufacture." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 682 (2006) (internal citation and quotation marks omitted). "[W]here a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Werbel ex rel. v. Pepsico, Inc.*, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010).

"Although misdescriptions of specific or absolute characteristics of a product are actionable, generalized, vague, and unspecified assertions constitute mere puffery upon which a reasonable consumer could not rely." *McKinney v. Google, Inc.*, 2011 WL 3862120, at *6 (N.D. Cal. Aug. 30, 2011) (internal quotation marks, citations, and brackets omitted). "[T]o be actionable as an affirmative misrepresentation, a statement must make a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Vitt v. Apple Computer, Inc.*, 469 Fed. Appx. 605, 607 (9th Cir. 2012) (internal quotation marks omitted) (affirming finding that descriptors "mobile," "durable," "portable," "rugged," "built to withstand reasonable shock," "reliable," "high performance," "high value," an "affordable choice," and an "ideal student laptop" were "generalized, non-actionable puffery because they are 'inherently vague and generalized terms' and 'not factual representations that a given standard has been met'").

Jim Beam argues that Welk's claims fail under the reasonable consumer test. (Docket no. 5 at 9.) Courts confronted a similar question in *Hofmann*, No. 14-cv-2569, Docket no. 15; *Salters v. Beam Suntory, Inc.*, 2015 WL 2124939 (N.D. Fla. May 1, 2015); and *Nowrouzi*, 2015 WL 4523551. In *Hofmann*, the court denied a motion to dismiss under the reasonable consumer standard, explaining:

> In the court's view, the representation that vodka that is (allegedly) massproduced in automated modern stills from commercially manufactured neutral grain spirit is nonetheless "Handmade" in old-fashioned pot stills arguably could mislead a reasonable consumer.

No. 14-cv-2569, Docket no. 15 at 14. In *Salters*, the court found the opposite and granted a similar motion to dismiss, explaining:

> [N]o reasonable person would understand "handmade" in this context to mean literally made by hand. No reasonable person would understand "handmade"

> in this context to mean substantial equipment was not used. If "handmade" means only made from scratch, or in small units, or in a carefully monitored process, then the plaintiffs have alleged no facts plausibly suggesting the statement is untrue. If "handmade" is understood to mean something else— some ill-defined effort to glom onto a trend toward products like craft beer— the statement is the kind of puffery that cannot support claims of this kind. In all events, the plaintiffs have not stated a claim on which relief can be granted.

2015 WL 2124939, at *3. In *Nowrouzi*, the court agreed with *Salters*, and granted a whisky company's motion to dismiss claims based on its use of the term "handmade." 2015 WL 4523551, at *7.

The Court finds *Salters* and *Nowrouzi* persuasive. Welk's proposed definition of the word "handcrafted" doesn't fit the process of making bourbon. To make bourbon, grains are ground into "mash" and cooked; then yeast is added, and the mixture ferments; then the mixture is distilled, i.e., heated until the alcohol turns to vapor; then the alcohol is cooled until it returns to liquid form, and transferred to barrels for aging. *Indus. & Trade Summary*, USITC Pub. No. 3373, 2000 WL 1876666 (Nov. 2000), *7. Fermentation, distillation, and aging are necessary to meet the legal definition of bourbon. *See* 27 C.F.R. §§ 5.11, 5.22(b)(1)(I). Machines, including stills and other equipment, have *always* been necessary to make bourbon. *See* Henry Crowgey, *Kentucky Bourbon: The Early Years of Whiskeymaking* 34, 59 (2008). A reasonable consumer wouldn't interpret the word "handcrafted" on a bourbon bottle to mean that the product is literally "created by a hand process rather than by a machine." Thus, it isn't "reasonably interpreted as a statement of objective fact." *Vitt*, 469 Fed. Appx. at 607. And if Jim Beam uses the term "handcrafted" to appeal to consumers' loose association of the term with "higher quality manufacturing and high-end products," as Welk suggests, then it isn't "specific and measurable." *Id.* Instead it's "generalized, vague, and unspecified" and therefore inactionable as "mere puffery." *McKinney*, 2011 WL 3862120, at *6; *see also Salters*, 2015 WL 2124939, at *3.

### 3.   Intentional Misrepresentation Claim

To state a claim for intentional misrepresentation under California law, a plaintiff must plead, among other things, that "the defendant intended that the plaintiff rely on the representation" and "the plaintiff reasonably relied on the representation." *Manderville v.*

*PCG & S Group, Inc.*, 146 Cal. App. 4th 1486, 1498 (2007). Jim Beam seeks dismissal of Welk's intentional misrepresentation claim, arguing these elements aren't met because (1) its use of "handcrafted" wouldn't mislead a reasonable consumer and (2) Welk hasn't alleged fraudulent intent. (Docket no. 5 at 15.) The Court agrees. Welk's intentional misrepresentation claim fails for the same reason his UCL and FAL claims fail—the use of "handcrafted" on Jim Beam's bourbon bottle wouldn't mislead a reasonable consumer. *See Nowrouzi*, 2015 WL 4523551, at *7–8.

### 4. Negligent Misrepresentation Claim

Jim Beam contends that the economic loss doctrine bars Welk's negligent misrepresentation claim (Docket no. 5 at 16–17), and Welk concedes that it does, (Docket no. 8 at 24.) The Court agrees. *See Kalitta Air, LLC v. Cent. Texas Airborne Sys., Inc.*, 315 Fed. Appx. 603, 605 (9th Cir. 2008).

## IV. Conclusion

The Court **GRANTS** Jim Beam's motion to dismiss. No amendment would cure Welk's allegation that Jim Beam's use of the term "handcrafted" is misleading. *See Nowrouzi*, 2015 WL 4523551, at *7–8. Thus, this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: August 21, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge